# In the United States Court of Federal Claims

No. 13-255C

**This Opinion and Order Will Not Be Published in the U.S. Court of Federal Claims Reporter Because They Do Not Add Significantly to the Body of Law.**

(Filed:  September 19, 2014)

|  |  |
|---|---|
| KEPA DAKOTA, JV, | * |
|  | * |
|  | * |
| Plaintiff, | * |
|  | * |
| v. | * |
|  | * |
| THE UNITED STATES, | * |
|  | * |
| Defendant. | * |
|  | * |

**OPINION and ORDER**

In this contract case, Kepa Dakota, JV (KepDak or plaintiff) seeks to recover damages under the Contract Disputes Act of 1978, 41 U.S.C. § 7101, *et seq.*, claiming that defendant breached a contract requiring it to reimburse plaintiff for state and local taxes paid.  Plaintiff claims that defendant's conduct also breached the covenant of good faith and fair dealing associated with the contract.  Defendant has moved to dismiss the complaint under RCFC 12(b)(6) for failure to state a claim.

On September 30, 2008, the Department of the Navy (the Navy) awarded contract No. N40083-08-C-0076 (the Contract) to KepDak for the construction of the expansion of a Joint Armed Forces Reserve Center Training Facility in Sioux Falls, South Dakota.[1]  The Contract was in the amount of $3.3 million.  The Contract incorporated by reference a variety of clauses, including FAR 52.229-3, which stated, in pertinent part, that "[t]he contract price includes all applicable Federal, State, and local taxes and duties."  48 C.F.R. § 52.229-3(b)(1) (2008).  The

---

[1] These facts are primarily drawn from plaintiff's complaint and, for purposes of this motion, are presumed to be correct.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  For the reasons explained below, other facts are taken from documents filed by defendant that are referenced in plaintiff's complaint.

Contract called for the performance of work to start within fifteen days after receipt of the notice to proceed.  That notice was received by KepDak on or about October 15, 2008, thereby establishing a completion date of April 8, 2010.  On November 14, 2008, KepDak submitted its final proposal to the Navy and was awarded the Contract in the sum of $3,425,700, which, according to plaintiff's complaint, includes all South Dakota Sales, Use, Excise and City Taxes.

On or about November 24, 2008, the Navy and KepDak executed the first of eleven modifications to the Contract.  That first modification increased the size of the facility to be built and added $125,700 to the contract price, leading to a total price of $3,425,700.  A second modification, executed on February 4, 2009, suspended work under the Contract for an indefinite period of time, with the express intent of lowering the cost of the overall project.  On June 22, 2009, the parties then agreed to a third contract modification.  Plaintiff alleges that in the negotiations preceding this modification, plaintiff and the Navy agreed to adjust the contract price to remove amounts allocated to the payment of state and local taxes.  It avers that the Navy contracting officer advised KepDak that it would not be subject to taxation by the State of South Dakota and that he would provide KepDak a "tax exempt" letter to that effect.  The third contract modification, however, makes no reference whatsoever to taxes (*e.g.*, South Dakota Sales, Use, Excise and City Taxes).  Instead, the contract modification simply added $700,000 to the contract price, added an additional 2,000 square feet to the project, and extended the contract completion date.

Between July 8, 2009, and October 20, 2010, there were seven additional modifications to the Contract, none of which are pertinent here.  In the midst of these modifications, the contracting officer allegedly wrote KepDak a letter designed to allow KepDak to notify the State of South Dakota that it was working for the Navy on the project in question.  On or about October 13, 2010, the work on the Contract was completed.  At some date thereafter, the State of South Dakota levied an excise tax on KepDak in the amount of $88,075.32.  On July 26, 2012, a final modification of the Contract (the eleventh) provided for "FUNDING FOR SUSPENSION OF WORK AND EXCISE TAX IN THE AMOUNT OF $142,755.30."  The modification indicated that "[a]s a result, the total value of the contract is increase[d] by $142,755.30 from $4,403,766.08 to $4,546,521.38."  The modification further indicated that "[a]cceptance of this modification by the contractor constitutes an accord and satisfaction and represents payment in full for both time and money for any and all costs, impact effect, and for delays and disruptions out of, or incidental to, the work as herein revised."

On August 16, 2012, KepDak received a bill from the State of South Dakota for $102,812.07 in "Sales, Use and City Taxes" incurred during the course of contract performance.  On or about August 27, 2012, the parties executed a final modification of the Contract, providing for the addition of $142,755.30 to the contract price to serve as "funding for suspension of work and excise tax."  On or about this day, KepDak requested that the Navy compensate it for the additional $102,812.07 in sales, use and city taxes.  But, no compensation was forthcoming.  By letter dated September 25, 2012, KepDak forwarded to the contracting officer a claim in the amount of $102,812.07 for the estimated taxes, and requested a final decision from the contracting officer in that amount.  By letter dated November 20, 2012, the contracting officer denied the claim.

On April 9, 2013, plaintiff filed its complaint in this court. On June 28, 2013, defendant filed a motion to dismiss the complaint under RCFC 12(b)(6). After briefing on the motion was completed, on March 28, 2014, the court heard oral argument on the motion. On April 21, 2014, plaintiff filed a motion to amend the complaint under RCFC 15. That amended complaint, however, did not include materials that were attached to plaintiff's response to defendant's motion to dismiss. On September 1, 2014, the court granted plaintiff's motion (over defendant's objections).

In its motion to dismiss, defendant asserted that plaintiff failed to allege that the Navy was obligated by the Contract (as amended) to reimburse KepDak for the payment of state and local taxes. Alternatively, defendant asserts that plaintiff has failed to state properly a claim that the Navy violated the covenant of good faith and fair dealing in failing to provide such a reimbursement. Plaintiff asserts that it has properly stated both claims.

Having reviewed the parties' filings, the court believes it is appropriate to convert defendant's motion to dismiss under RCFC 12(b)(6) to a motion for summary judgment under RCFC 56. *See* RCFC 12(d).[2] However, because it appears that there are genuine issues of material fact present here, *see* RCFC 56(c)(1), the court concludes that neither party is entitled to judgment under RCFC 56. The court hereby denies the motion for summary judgment under RCFC 56. *See* RCFC 56(e); *see also Speed v. United States*, 97 Fed. Cl. 58, 70 (2011); *D&D Landholdings v. United States*, 82 Fed. Cl. 329, 341 (2008).

For the reasons stated, the court hereby denies defendant's motion to dismiss the complaint under RCFC 12(b)(6) and instead converts that motion to one for summary judgment under RCFC 56. The court thereupon **DENIES** the converted motion. On or before October 8, 2014, the parties shall file a joint status report indicating how this case should proceed, with, as appropriate, a proposed schedule for discovery in this case.

**IT IS SO ORDERED**.

s/Francis M. Allegra
Francis M. Allegra
Judge

---

[2] The court believes this approach is appropriate because plaintiff attached to its response to defendant's motion to dismiss materials that raised questions of fact, but did not properly support a claim that it is entitled to summary judgment. *See* RCFC 56(e)(4).